UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                    :

UNITED STATES OF AMERICA,               :

                                         :                14-CR-810 (JMF)
            -v-                    :

                                         :             MEMORANDUM OPINION
DORIAN AVERY,                    :              AND ORDER

                                       :
                             Defendant.     :
                                         :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Defendant Dorian Avery, who has served approximately 70% of his sentence for a non-violent drug offense, moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). *See* ECF No. 523 ("Motion").  The compassionate release statute provides that the Court "may reduce" a defendant's term of imprisonment "if it finds that . . . extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" and the sentencing factors set forth in 18 U.S.C. § 3553(a).  *See* 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Brookner*, 976 F.3d 228, 233-37 (2d Cir. 2020).[1]  Upon review of the parties' submissions, the Court finds that all of these requirements are met.

The Government wisely concedes that there are "extraordinary and compelling reasons" justifying release.  *See* Opp'n 6.  For one thing, this Court and others have concluded that "the threat of COVID-19 to those in prison," by itself, "constitutes an extraordinary and compelling reason for compassionate release."  *United States v. Pacheco*, No. 12-CR-408 (JMF), 2020 WL

---

[1]  The statute also imposes a mandatory exhaustion requirement, *see* 18 U.S.C. § 3582(c)(1)(A), which — as the Government concedes — Avery has satisfied.  *See* Motion 12-13; ECF No. 527 ("Opp'n"), at 5-6.

4350257, at *1 (S.D.N.Y. July 29, 2020) (citing cases).  But on top of that, Avery is clinically

obese (he has a Body Mass Index of 37.9), which means he is at significantly higher risk in the

event that he contracts COVID-19.  *See* Motion 6-8; Opp'n 6; *see also People with Certain*

*Medical Conditions*, Ctrs. for Disease Control & Prevention, https://cdc.gov/coronavirus/2019-

ncov/need-extra-precautions/groups-at-higher-risk.html (last updated Nov. 2, 2020).  And in

recent months, the incidence of COVID-19 at FCI Fort Dix, the facility where Avery is housed,

has increased at an alarming rate.  *See* Opp'n 7 (noting that, as of *September 30, 2020*, there were

"zero positive cases among inmates or staff at Ft. Dix" and that staff had "never had an inmate

test positive in the low security part of the facility, where the defendant is housed"); ECF No.

538 ("Joint Letter") (noting that, as of *October 28, 2020*, there were "58 positive cases in the low

security prison where the defendant is housed"); *see also COVID-19 Coronavirus*, Fed. Bureau

of Prisons, https://www.bop.gov/coronavirus/ (last visited November 15, 2020) (noting that, as of

*November 15, 2020*, 233 inmates and 15 staff members at FCI Fort Dix had tested positive for

COVID-19).

Thus, Avery's motion turns on the other statutory requirements — namely, the Section

3553(a) factors and applicable policy statements.  *See Pacheco*, 2020 WL 4350257, at *2.

Although the issue is close, on balance, these factors weigh in favor of granting Avery's motion.

Among other things, Avery has served the majority of his 108-month sentence; he has been

accepted into the Residential Drug and Alcohol Program and, but for an error in his release date,

he might have already completed the program and qualified for a reduction in his sentence (in

which case he would have been eligible for release in the next year); the conditions of his

confinement for the last eight months — which have included any number of serious restrictions

designed to stem the spread of the virus, *see* Opp'n 7-9 — have been harsher than normal; his

offense was a non-violent drug offense, and his involvement was apparently motivated in part to obtain drugs for his own use. *See* Motion 11; ECF No. 530 ("Reply"), at 4. Additionally, "[d]ue to the COVID-19 pandemic, the 'history and characteristics of the defendant' and 'the need for the sentence imposed . . . to reflect the seriousness of the offense . . . and to protect the public from further crimes of the defendant,'" now weigh in favor of Avery's release. *Pacheco*, 2020 WL 4350257, at *2 (quoting 18 U.S.C. § 3553(a)).

On the flip side, several considerations do weigh against granting Avery's motion, most notably (1) the seriousness of the offense (and the fact that, in the words of the sentencing judge, he "never fully owned up to" his culpability, ECF No. 428, at 31); and (2) his lengthy criminal history (including the fact that he began his participation in the instant offense only about two months after his release from prison and while he was serving a term of supervised release), *see id.* at 30. In addition, his apparent effort to pass off a Male Pattern Assessment Sheet that he completed himself as an official document showing his recidivism risk to be "low" gave the Court serious pause. *See* Opp'n 10; *see also* Reply 4. But upon review of the parties' joint explanation of the circumstances (after the Court raised the prospect of holding an evidentiary hearing), the Court is inclined to believe that Avery acted in good faith, albeit perhaps with poor judgment, and did not intentionally seek to defraud the Court. *See* Joint Letter 1-4. On balance, the Court concludes that these considerations do not outweigh the reasons for granting Avery's motion — particularly since he will be on supervised release and can be sent back to prison in the event that he violates the terms of his supervised release (and, for that matter, since he is facing resentencing for his violation of supervised release in 13-CR-934 (JMF)).

In short, Avery's motion is GRANTED. More specifically, the Court orders that:

(1)      Avery's sentence of incarceration is reduced to time served pursuant to 18 U.S.C. § 3582(c)(1)(A);

(2)    Avery is ordered released from Bureau of Prisons custody, effective immediately; and

(3)    Avery shall serve three years of supervised release, subject to the conditions of supervised release set forth in the judgment dated May 9, 2017, *see* ECF No. 419, modified as follows:

   (a) Avery shall serve twelve months of supervised release on home confinement, to be enforced by GPS monitoring, at a residence approved by the Probation Department;

   (b) Avery shall promptly travel from FCI Fort Dix to the Bronx, New York, wearing a mask en route, and shall self-quarantine in his father's home for fourteen days;

   (c) Avery is to report to the Probation Department at 500 Pearl Street, 6th Floor, New York, New York, at **10:00 a.m. fifteen days after his arrival in New York** to have the GPS tracker affixed to his ankle;

   (d) While on home confinement, Avery must remain at his approved residence except to seek any necessary medical treatment, in each instance with prior notice and approval by the Probation Department; and

   (e) Avery must possess or have access to a telephone that will allow him to video-conference with the Probation Department.

The Government shall immediately notify the Bureau of Prisons of this Order.  The Clerk of Court is directed to terminate ECF No. 516.

SO ORDERED.

Dated: November 16, 2020
       New York, New York

_____
JESSE M. FURMAN
United States District Judge